The following four assignments of error in the opinion heretofore rendered in this case are relied upon by appellees for favorable action on their application for a rehearing, viz.:
1. In holding that neither Caroline Courtney nor her heirs disposed of any portion of the northern portion of Lot 104;
2. In holding that there is not a strip 22.76 feet wide between the property of plaintiffs and that of Ida McNeal;
3. In holding that the title of Ida McNeal is more ancient than that of appellees, and in finding that Ida McNeal acquired title to the property she claims to own by the prescription of thirty years;
4. In not holding that the west boundary line of plaintiffs' property is the east 22.76 feet (or 22.65) strip of Lot 104, as the record discloses that the defendants, heirs of Caroline Courtney, acquired by inheritances, as well as by a quitclaim deed from Sophie Lexcy, title to Lot 101, and since they acquired title to that portion of Lot 104 that the title they acquired vests at once in their vendee or for the benefit of subsequent vendees.
We shall endeavor to answer the points in order. Point No. 1 is based upon a deed from Elvia Jamison Bartlett and Ida Jamison McNeal to Olivia Jamison Davis in 1921 of a lot of ground in the City of Monroe, described as beginning at a point on the south side of Breard Street, 293 feet from the intersection of that street and Congo Street; thence along Breard Street 45 feet and back 160 feet between parallel lines. The property is further described as being in Lot 10 of the Filhiol's addition to the City of Monroe. Granting that the lot intended to be conveyed lies wholly in Lot 104 of said addition, the conveyance has no bearing upon the issue herein as the description does not encroach upon that part of Lot 104 involved herein. It simply means that the heirs of Caroline Courtney did sell from the northern end of Lot 104 a lot fronting 45 feet on the south side of Breard Street.
Counsel is in error in the conclusion embodied in assignment No. 2. We made no definite holding as to who owns this strip of 22.76 feet, if such exists.
Counsel equally is in error in assignment No. 3. We abstained literally from expressing any opinion as to who owned what, or how much, of the property involved herein, or that which had any incidental connection therewith, by prescription or otherwise. We did hold, as the record *Page 498 
on its face clearly reflects, that the incipiency of title of the defendants was more ancient than that of plaintiffs. Both sides trace their title to a common ancestor, Filhiol, and the deed by him to Caroline Courtney of Lot 104, is prior in date and registry to that given by him to John Jamison of Lot 102, through whom plaintiffs claim. In view of these undisputed facts, unless intervening acts of possession, estoppel, etc., are sufficient to overthrow the benefits accruing from the precedence of registry, we would expect to see the claimants, under the more ancient title, prevail in a contest, the outcome of which depended upon the order of registry.
As to Point No. 4, the issues raised therein clearly are pertinent to the question of title. Our reply to Point No. 3 is germane to this point also.
In substance, the application for rehearing raises questions that obviously are addressed to the issue of title which we have held cannot be adjudicated in the present suit. Brief in support of the application for rehearing clearly demonstrates the correctness of our conclusion herein: that a controversy exists as to who owns a certain strip of land in Lot 104 of the Filhiol Addition to the City of Monroe.
For the reasons herein assigned, the application for a rehearing is denied.